E-FILED
Tuesday, 15 October, 2019 03:49:11 PM
Clerk, U.S. District Court, ILCD

# United States District Court
### CENTRAL DISTRICT OF ILLINOIS

STEVEN BELL,  )
             )
   Plaintiff )
             )
   vs.       )        Case No. _____
             )        *(The case number will be assigned by the clerk)*
SHERIFF  c/o (FNU) NICHOLS )
c/o ZANE LOWELL            )
c/o DAVID GORDON           )
c/o JOE OLSEN              )
c/o LINDA STARZIBUCH       )
c/o HARTMAN                )
Advanced Correctional Healthcare )
Tracy Burgard NP           )
Nurse Carrie (LAST NAME UNKNOWN) )
   Defendant(s)            )

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

### COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

[X] 42 U.S.C. §1983 (state, county or municipal defendants)

[ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

[X] Other federal law: _8th 4th & 14th Amendment Violations_

[X] Unknown _Any other applicable civil rights violations_

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Steven Bell

Prison Identification Number: N/A 19498-026

Current address: 152 S. Kellogg, Galesburg, IL 61401 c/o Knox Co Jail

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Dusty Terrill

Current Job Title: Sheriff

Current Work Address: Mercer County Sheriff's Office 906 SW 3rd St Aledo, IL 61231

Defendant #2:

Full Name: Zane Lowell

Current Job Title: Correctional Officer / Deputy

Current Work Address: Same as Defendant #1

Defendant #3:

Full Name: David Gordon

2

Current Job Title: _Correctional Officer/Deputy_

Current Work Address _Same as #1 Defendant_

Defendant #4:

Full Name: _Joe Olson_

Current Job Title: _Correctional Officer/Deputy_

Current Work Address _Same as Defendant #1_

Defendant #5:

Full Name: _Linda Starzibuch_

Current Job Title: _Correctional Officer/Deputy_

Current Work Address _Same as Defendant #1_

For additional defendants, provide the information in the same format as above on a separate page.

_More Defendants ———>_

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal _in forma pauperis_ in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?        Yes ☐        No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐        No ☐

3

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

   1. Name of Case, Court and Docket Number _____

   2. Basic claim made _____

   3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?   Yes ☐   No ☒

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☐   No ☒

If your answer is no, explain why not  (a grievance form) They refused to give me one and asked the USMS to transfer me before I could obtain the form. They denied me an opportunity to do so.

C. Is the grievance process completed?   Yes ☐   No ☒

4

## V. STATEMENT OF CLAIM

Place(s) of the occurrence _Mercer County Sheriffs Department_

Date(s) of the occurrence _5/10/19 – 5/17/19_

State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.

On 5/10/19 I was brought to the Mercer County Sheriffs Department by USMS orders. I was placed into a cell where I was to be booked in by C/O's David Gordon and C/O Zane Lowell. Officer Gordon asked me if I was a danger to myself or others and if I have ever had any prior attempts committing suicide. I stated yes on both questions and on previous occasions, and further stated I have in fact had prior suicide attempts and was feeling like so currently, and that I needed my psych meds. They ignored me and placed me in general population. The next day I seen Dr. Tracy Burgard NP, Nurse Carrie and C/O Nichols all at once. I stated I had some voices in my head that gave me suicidal ideations and furthermore stated I had prior attempts and also stated I am supposed to be on a drug called amitripelene, an anti psychotic. She stated we don't do that here, and placed me back in general population. My mother became worried many times of the way I was talking on the phone

5

and called the jail and stated I was having suicidal thoughts and multiple times I was pulled out of the pod by officers Zone Towell and Joe Olsen and confirmed these conversations with my mother yet no action was taken. I believe officers Dawley Gordon and C/o Hartman pulled me out as well and confronted me about the calls my mother made to the jail, I confirmed all these conversations had taken place yet nothing was done about it.

Sometime on or about Wednesday or Tuesday May 14 or 15th or any other day last week I am unsure of the exact date, I was found hanging from a bed sheet or blanket unconscious on the top floor of the pod. I awoke to officers and EMT personal attempting to revive me. My neck was in extreme pain as well as my head, I was only found because an inmate suspected something was wrong and notified staff. They completely ignored me during wellness checks every half hour, I had covered the door with a towel this should of been a red flag and I almost could have lost my life. This and the above actions violates the 14th Amendment for failure to protect, they ignored multiple warnings from myself and mother I was a danger to myself and showed deliberate indifference and did nothing, furthermore they violated my right to due process by not allowing me grievance and after the incident they violated my 8th Amendment by placing me in a cold exterior cell with no sink or heat or drinking water as a cruel and unusual punishment, refused to allow me access to a lawyer call and regular call with room temperature & causing me extreme psychological duress until the time I was transferred.

## RELIEF REQUESTED

(State what relief you want from the court.)

$10 million dollars in psycological damages, physical damages, mental & emotional damage

$10 million dollars in punitive damages for 4th & 14th & 8th Amendment violations.

Defendant pay all filing fees & court costs

$9 million for negligence/deliberate indifference

JURY DEMAND     Yes ☒     No ☐

Signed this __17th__ day of __October__, 20__19__.

_____
(Signature of Plaintiff)

Name of Plaintiff: Steven Bell

Inmate Identification Number: 19498-026

Address: 152 S. Kellogg St, Galesburg, IL

Telephone Number: 309 343-9151  (913) 702-8804